**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| ANTHONY RAFFAELE, | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | Civ. No. 4:26-40067-MRG |
| | **)** | |
| TOWN OF TEMPLETON and the | **)** | |
| COMMONWEALTH OF | **)** | |
| MASSACHUSETTS, | **)** | |
| Defendants. | **)** | |

**ORDER**

**GUZMAN, D.J.**

*Pro se* plaintiff Anthony Raffaele, a Massachusetts resident, filed a civil rights complaint, along with exhibits, that consists primarily of a recounting of events surrounding a tract of land Plaintiff purchased through public auction and his subsequent efforts to use and/or improve the land. [Compl., ECF No. 1]. Plaintiff names as Defendant the Town of Templeton and "joins" the Commonwealth of Massachusetts pursuant to Rule 20(a) of the Federal Rules of Civil Procedure. [Id.] Plaintiff alleges that several public servants made false statements, factual misstatements, and conspired together to violate plaintiff's rights. [See e.g., id.]. Plaintiff seeks declaratory, equitable, and monetary relief. [Id. at 66].

Plaintiff also filed an application to proceed in district court without prepaying fees or costs (also referred to as a motion for leave to proceed *in forma pauperis*), [ECF No. 3] and a motion for protective order. [ECF No. 4].

### I.   <u>Sufficiency of the Complaint</u>

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation omitted).  In conducting this review, the Court must treat all factual allegations as true, but the Court is not required to accept legal conclusions as true.  <u>Id.</u> at 678.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction . . .  a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought[.]" FED. R. CIV. P. 8(a)(1)–(3). A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement. FED. R. CIV. P. 8(a). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" <u>Twombly</u>, 550 U.S. at 555 (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). It must afford the defendants a "[']meaningful opportunity to mount a defense.'" <u>Díaz-Rivera v. Rivera-Rodríguez</u>, 377 F.3d 119, 123 (1st Cir. 2004) (quoting <u>Rodríguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1172 (1st Cir. 1995)).

In addition, the claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Because it promotes clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." <u>Id.</u> In essence, the complaint must <u>succinctly</u> set forth as to each defendant what he claims they did (or failed to do), where it occurred, when it occurred, and the relief he seeks as to each defendant. The caption must identify all defendants. FED. R. CIV. P. 10(a).

2

The Court liberally construes the complaint because plaintiff is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

## II.    Discussion

Although Raffaele is self-represented and the complaint is understandable, it fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. The complaint consists of sixty-six (66) pages of narration where Plaintiff asserts fifty-two (52) un-labeled allegations against various actors – many of whom are not Defendants named in this action.

In addition, Raffaele attaches eight-three (83) pages of exhibits presumably related to the land dispute. However, it is not clear how the majority of these documents filed as exhibits to the complaint support a specific federal claim against Defendants. The First Circuit has repeatedly cautioned that "[o]rdinarily, a court may not consider any documents that are outside of the complaint or not expressly incorporated therein . . ." Graf v. Hospitality Mut. Ins. Co., 754 F.3d 74, 76 (1st Cir. 2014) (internal citations omitted). That being said, "there is a narrow swatch of materials outside the complaint itself that may be considered on a motion to dismiss for failure to state a claim."  Ríos-Campbell v. U.S. Dep't of Commerce, 927 F.3d 21, 25 n.2 (1st Cir. 2019). "While we are certainly sympathetic to the challenges pro se plaintiffs may face in filing a lawsuit on their own, it is not our job, in an effort to ferret out the adequacy of a plaintiff's pleaded allegations, to haphazardly mine documents appended to a complaint." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 79–80 (1st Cir. 2014). At this stage, it would be unfair to require the defendants to respond to the complaint in its current form.

Accordingly, to the extent plaintiff wishes to proceed, plaintiff shall file an amended complaint. The amended complaint – a new stand-alone document – must comply with the pleading requirements of the Federal Rules of Civil Procedure. In preparing the amended complaint, plaintiff shall identify the basis for this Court's jurisdiction and shall specifically state

the federal statutes and/or provisions of the United States Constitution that are at issue. Plaintiff should not set forth claims in a narrative format. Rather, any amended complaint should, in sequentially numbered paragraphs, focus on the legal claims separately against each defendant, along with the basis for such claims. The case caption must clearly name each and every party he is intending to sue. See FED. R. CIV. P. 10(a) ("The title of the complaint must name all parties.") The amended complaint must include separate counts each supported by factual allegations. Each paragraph should be "limited as far as practicable to a single set of circumstances." See FED. R. CIV. P. 10(b). If an amended complaint is filed, it will be further screened.

### III.    Conclusion

Upon review of these documents, the Court hereby orders:

1.    The motion for leave to proceed *in forma pauperis* [ECF 3] is GRANTED.

2.    The motion for protective order [ECF 4] is GRANTED.  The Clerk shall restrict the application to proceed in district court without prepaying fees or costs and exhibits, [ECF No. 3], to the parties and Court users only.  The Clerk shall correct the docket to identify the two defendants as the Town of Templeton and the Commonwealth of Massachusetts.

3.    If plaintiff wishes to proceed with this action, plaintiff must file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure. Failure to do so within thirty (30) days may result in dismissal of this action.

**SO ORDERED.**

DATE: August 6, 2026

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

4