**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ANTHONY RAFFAELE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOWN OF TEMPLETOWN and the COMMONWEALTH OF MASSACHUSETTS,**<br>**Defendants.** | **CIVIL ACTION**<br>**NO. 26-40067-MRG** |

**<u>ORDER</u>**
**August 18, 2026**

**GUZMAN, D.J.**

On August 8, 2026, the Court allowed plaintiff's motions for leave to proceed in forma pauperis and for protective order. [ECF 8]. The Court informed plaintiff that to proceed with this action, he must file an amended complaint. [<u>Id.</u>]. He was advised that "[t]he amended complaint – a new stand-alone document – must comply with the pleading requirements of the Federal Rules of Civil Procedure." [<u>Id.</u> at 3]. Among other things, plaintiff was directed to specific rules of procedure and was cautioned not to set forth claims in a narrative format. [<u>Id.</u> at 4]. And the Court further informed him plaintiff that failure to file an amended complaint within thirty (30) days may result in dismissal of this action. [<u>Id.</u>].

On August 18, 2026, plaintiff filed "formal written objections." [ECF 9]. Plaintiff's fifteen (15) page pleading consists of nine (9) individual objections, various legal arguments, and several demands, including a demand to strike the order and for the scheduling of a hearing. [<u>Id.</u>].

Here, plaintiff has not filed an amended complaint. Court orders are obligations not suggestions, Robinson v. Orellana-Rosado, No. 20-1550, 2021 WL 5570333, at *1 (D.P.R. May 11, 2021), and *pro se* litigants are not excused from complying with the Federal Rules of Civil Procedure or the Local Rules of this district. F.D.I.C. v. Anchor Props., 13 F.3d 27, 31 (1st Cir.1994); see e.g. Ahmed v. Rosenblatt, 118 F.3d 886 (1st Cir. 1997) (noting that *pro se* status does not insulate a party from complying with procedural and substantive law). A *pro se* litigant's obligation to comply with the Federal Rules of Civil Procedure includes the requirement that a complaint complies with the "short and plain statement" requirement." See Koplow v. Watson, 751 F. Supp.2d 317 (D. Mass. 2010) (dismissing *pro se* complaint for failing to comply with Rule 8).

Accordingly, the Court will not take any action on plaintiff's objections and plaintiff is reminded that in order to proceed, he must file an amended complaint within thirty (30) days of the Court's August 8, 2026 Memorandum and Order.

**So Ordered.**

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE